# Milberg.

Gary M. Klinger
Gklinger@milberg.com

June 2, 2026

**<u>VIA ECF</u>**
Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     Consolidation of *Ace Cam, Inc. v. Runway AI, Inc.*, Case No. 26-cv-1362 (LAK)
              with *Gardner v. Runway AI, Inc.*, Case No. 26-cv-4360 (LAK)

Dear Judge Kaplan:

We represent Plaintiffs in the above-captioned actions. Pursuant to Federal Rule of Civil Procedure 42(a), Local Civil Rule 1.6, Paragraph 5 of this Court's Order Granting Plaintiffs' Motion to Consolidate Action and Appoint Interim Co-Lead Class Counsel (26-cv-1362-LAK, ECF No. 26), and Your Honor's Individual Rules of Practice, we respectfully seek consolidation of the above cases without altering existing deadlines in the *Ace Cam* Action. Defendant Runway AI, Inc. ("Runway") agrees consolidation is appropriate pursuant to this Court's prior ruling in these matters.

Plaintiff Ace Cam, Inc. filed *Ace Cam, Inc. v. Runway AI, Inc.*, Case No. 26-cv-1362 (LAK) (the "*Ace Cam Action*"), the first-Class Action Complaint against Runway on February 18, 2026. Thereafter, *Gardner v. Runway AI, Inc.*, Case No. 26-cv-4360 (LAK) (the "*Gardner Action*") was filed on February 23, 2026 in the United States District Court for the Central District of California. On February 27, 2026, the action *Businessing LLC v. Runway AI, Inc.*, 26-cv-1655-LAK (the "*Businessing Action*") was filed in this District.

On March 27, 2026, this Court consolidated the *Businessing* and *Ace Cam Actions* (26-cv-1362, ECF No. 26). On May 26, 2026, the *Gardner Action* was transferred into this District (26-cv-4360, ECF No. 23). Like the *Businessing Action*, Plaintiffs now seek to consolidate the *Ace Cam* and *Gardner Actions* (the "Related Actions").

The Related Actions allege that Runway unlawfully bypassed YouTube's technological protection measures ("TPMs") in order to scrape and download copyrighted videos at scale for use in training and commercializing its generative AI video model. Ace Cam Consolidated Class Action Complaint ("Ace Cam Compl.") ¶ 1. Plaintiffs allege that YouTube provides streaming-only access to audiovisual works and employs technical controls—including access restrictions,



**www.milberg.com**

Corporate Disclosure: Milberg is a global law firm with its main headquarters located in San Juan, Puerto Rico as a limited liability corporation. Its domestic United States principal place of business is a professional limited liability corporation located in Knoxville, Tennessee.

June 2, 2026
Page 2

API limitations, download prohibitions, and IP monitoring—to prevent bulk extraction of underlying video files. Ace Cam Compl. ¶¶ 2–3, 28–40. Plaintiffs also allege that YouTube maintains strict policies against scraping by third parties for AI training. Ace Cam Compl. ¶¶ 60-68.

Despite these protections, Runway compiled internal datasets identifying thousands of YouTube channels and over one hundred thousand videos for ingestion into its AI training pipeline. Ace Cam Compl. ¶¶ 72–77. Runway intentionally bypassed YouTube's TPMs by deploying automated scraping tools, including yt-dlp, and rotating proxy infrastructure designed to evade detection and blocking, thereby obtaining file-level copies of thousands of creators' videos without authorization Ace Cam Compl. ¶¶ 78–82. Runway then used the scraped content to train and improve its commercially marketed "Gen-3" text-to-video system. Ace Cam Compl. ¶¶ 1, 73–77, 91–93. Runway did not obtain consent from YouTube or the affected creators and instead chose circumvention-based acquisition rather than lawful licensing. Ace Cam Compl. ¶¶ 1–6, 69, 80–83, 86–90, 93–95. On behalf of a nationwide class of creators whose YouTube-hosted works were accessed at the file level through circumvention of TPMs (Ace Cam Compl. ¶ 125), Plaintiffs assert that Runway's conduct violates the Digital Millennium Copyright Act's ("DMCA") anti-circumvention provisions, 17 U.S.C. § 1201(a), and seek statutory damages and injunctive relief. Ace Cam Compl. ¶¶ 138–154.

Consolidation is appropriate where actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have broad discretion to consolidate related actions to promote judicial economy, avoid inconsistent rulings, and reduce unnecessary cost or delay. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012). In exercising that discretion, courts weigh prejudice and possible confusion against the risks of inconsistent adjudications, duplicative burdens on the parties and witnesses, inefficient use of judicial resources, delay, and expense. *See Chun Huang v. Canntrust Holdings Inc.*, 2020 WL 9077513, at *1 (S.D.N.Y. Apr. 16, 2020). Here, Rule 42(a)'s common-question requirement is plainly satisfied.

The Related Actions before this Court are substantially the same and consolidation is appropriate. Each lawsuit arises from the same common set of alleged facts, including: (1) that YouTube employs TPMs to prevent bulk extraction of underlying video files (*see* Ace Cam Compl. ¶¶ 2–3, 27–39, 44–59; Gardner Compl. ¶¶ 13–16, 56); (2) that Runway compiled internal datasets identifying YouTube channels and videos for ingestion into its AI training pipeline (*see* Ace Cam Compl. ¶¶ 73–79, 84–85; Gardner Compl. ¶ 28); (3) that Runway bypassed YouTube's TPMs through various methods including automated scraping tools (*i.e.*, yt-dlp) and used methods to evade IP address blocking in order to obtain file-level copies of creators' videos (*see* Ace Cam Compl. ¶¶ 4–6, 58, 81–86, 91–108; Gardner Compl. ¶¶ 29–32); and (4) that Runway used these scraped videos to train, develop, and improve its AI products without authorization or consent. (*see* Ace Cam Compl. ¶¶ 1–12, 87–90, 109, 145–152; Gardner Compl. ¶¶ 3, 29–35, 39).

Moreover, Plaintiffs are all YouTube content creators whose videos were illegally accessed and used by Runway (*see* Ace Cam Compl. ¶¶ 18–21; Gardner Compl. ¶ 8) and bring overlapping claims for violations of the DMCA, 17 U.S.C. § 1201(a). *See* Ace Cam Compl. ¶¶ 138–154;

June 2, 2026
Page 3

Gardner Compl. ¶¶ 60–68. Finally, Plaintiffs propose overlapping classes under Federal Rules of Civil Procedure 23. *Compare* Ace Cam Compl. ¶ 125 with Gardner Compl. ¶ 49.

Consolidation also will not cause delay or prejudice because Runway and Plaintiffs (in the Related Actions) agree that consolidation will not require the filing of an amended or consolidated complaint solely as a procedural matter. Upon consolidation, the currently operative Ace Cam Complaint will remain the operative pleading and will supersede the complaint filed in *Gardener* for all purposes in the consolidated action.[1] This agreement will avoid unnecessary procedural filings and streamline the consolidated case at the outset. It will also promote efficiency by allowing Runway (as it has done already, *see* 26-cv-1362, ECF No. 34) to file a single brief in support of its motion to dismiss.

Consolidation will also avoid duplicative discovery, motion practice, settlement negotiations, hearings, and trial proceedings in cases arising from the same alleged conduct, against the same Defendant, on behalf of overlapping putative classes, and involving the same factual and legal issues. Proceeding separately would waste party and judicial resources and create a risk of inconsistent rulings. *See In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 158 F.R.D. 562, 570 (S.D.N.Y. 1994). Finally, because both actions are already pending in this District, no transfer is required.

\* \* \*

Accordingly, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes, including pretrial proceedings, trial, and appeal. As requested, this consolidation will not affect any existing deadlines or the currently pending motion to dismiss filed by Runway.

We thank the Court for its consideration of this request.

Respectfully Submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger

---

[1] For the avoidance of doubt, Plaintiffs' agreement not to file an amended or consolidated complaint solely because of consolidation with *Gardner* is without prejudice to, and does not waive, any right Plaintiffs may have to amend their pleading pursuant to the Federal Rules of Civil Procedure or any order of the Court.