Milberg.

Mark K. Svensson
405 East 50th Street
New York, NY 10022
msvensson@milberg.com

October 6, 2026

**VIA CM/ECF**
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY, 10007-1312

**Re: *Ace Cam, Inc. et al v Runway AI, Inc.*, No. 26-cv-01362-LAK (S.D.N.Y)**

Dear Judge Kaplan:

Plaintiffs respectfully submit *Ted Entertainment, Inc. v. ByteDance Inc.*, No. 3:25-cv-10933-JSC, 2026 WL 2970541 (N.D. Cal. Oct. 2, 2026) ("*ByteDance*") (attached hereto as **Exhibit A**), as supplemental, persuasive authority relevant to Defendant's pending motion to dismiss. *ByteDance* was issued on October 2, 2026, after briefing closed on Defendant's Motion to Dismiss.

*ByteDance* involves the same claim and the same YouTube measures at issue here. The plaintiffs are YouTube content creators who allege that a generative video-AI company circumvented YouTube's TPMs to obtain their videos for AI training, in violation of 17 U.S.C. § 1201(a). *ByteDance* at *1–2. They allege the same TPMs: the rolling cipher, IP-based blocking and rate limiting, session-bound URLs, CAPTCHA challenges, and proof-of-origin tokens. *Id.* at *2. After oral argument, the court denied the motion to dismiss in full. *Id.* at *6.

*First*, *ByteDance* rejects the access-control argument Runway makes here. ByteDance argued that because YouTube videos are available for public viewing, the TPMs do not "control access to a work in the first instance" and instead merely control copying. *ByteDance* at *5. Runway makes the same argument. ECF No. 35 ("Runway Mot.") at 10–22; ECF No. 42 ("Runway Reply") at 1–7. The court in *Bytedance* was "not persuaded," holding that the plaintiffs "have sufficiently alleged their works were protected by technological measures that effectively control access to their works because, drawing reasonable inferences from the allegations in their favor, they authorized TPMs that control the viewing of their videos on YouTube in the first instance." *ByteDance* at *5.

*Second*, *ByteDance* answers Runway's contention that the decisions Plaintiffs previously submitted do not apply the statutory definition of an access control. *See* ECF No. 55 at 1–2; ECF No. 51. The court applied § 1201(a)(3)(B) to the proof-of-origin tokens and concluded that "this TPM operates regardless of whether a user is merely viewing or also downloading a video," so that the tokens, as alleged, require a process to gain access to the work in the ordinary course of



Corporate Disclosure: Milberg is a global law firm with its main headquarters located in San Juan, Puerto Rico as a limited liability corporation. Its domestic United States principal place of business is a professional limited liability corporation located in Knoxville, Tennessee.

viewing a YouTube video. *ByteDance* at *5 (citing 17 U.S.C. § 1201(a)(3)(B)). That holding is a direct answer to Runway's argument that "Plaintiffs do not allege that a YouTube user must apply any sort of information, process, or treatment ... for YouTube to issue a token and stream a video." Runway Mot. at 28; *see also* Runway Reply at 10. The court also found circumvention plausibly alleged, pointing to the allegation that the defendant was "extract[ing], replicat[ing], or reus[ing] proof-of-origin token parameters outside the authorized playback environment for which they were generated." *ByteDance* at *5. Runway contends the same alleged conduct here is not circumvention. Runway Mot. at 29–30; Runway Reply at 10.

*Third*, *ByteDance* rejects Runway's reliance on *Hattler v. Ashton*, 2017 WL 11634742 (C.D. Cal. Apr. 20, 2017). Runway Mot. at 16, 18, 24; Runway Reply at 6. The court held that "*Hattler* is not persuasive because it predates *Disney Ent., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017)," and read *VidAngel* to mean that a TPM can be both an access control and a use control. *ByteDance* at *6.

*Finally*, *ByteDance* forecloses Runway's argument that Plaintiffs lack authority over YouTube's TPMs because they did not build or operate them. Runway Mot. at 30–32; Runway Reply at 10. In articulating the governing standard, the court held that "the copyright owner must have authorized the implementation of a TPM; they have not required that the copyright owner himself or herself designed, implemented, or operated it." *ByteDance* at *5 (quoting *Reddit, Inc. v. SerpApi LLC*, 2026 WL 2210094, at *17 (S.D.N.Y. July 31, 2026)). Runway's own argument rests on exactly the premise this standard rejects: that Plaintiffs must have put the TPMs in place themselves. Runway Mot. at 30 ("Plaintiffs do not try to allege that they made any effort to 'put in place' the technological measures at issue.").

Plaintiffs respectfully request that the Court consider *ByteDance* in resolving Runway's motion.

Respectfully Submitted,

*/s/ Mark K. Svensson*
Mark K. Svensson