**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Nathan Shaffer**

**E** nshaffer@orrick.com
**D** +1 415 773 5440
**F** +1 415 773 5759

October 15, 2026

***BY ECF***

Hon. Lewis A. Kaplan
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Ace Cam, Inc. et al. v. Runway AI, Inc.*, No. 26-cv-01362-LAK (S.D.N.Y.)

Dear Judge Kaplan:

Runway writes to respond to Plaintiffs' letter (ECF No. 56) submitting an additional out-of-circuit district court decision, *Ted Entertainment, Inc. v. ByteDance Inc.*, No. 3:25-cv-10933-JSC, 2026 WL 2970541 (N.D. Cal. Oct. 2, 2026). *ByteDance* does not justify Plaintiffs' attempt to convert § 1201's narrow access control provision into a broad anti-scraping right of action. *ByteDance* rejected two standing arguments Runway did not make, *id.* at *2-5, and in a brief § 1201 analysis, addressed only one of the five technological measures Plaintiffs advance here: proof-of-origin tokens. *Id.* at *5-6.

**Access Control:** *ByteDance* first held plaintiffs there had stated a claim under § 1201 because they had alleged an access control in the form of "TPMs that control the viewing of their videos on YouTube in the first instance." *Id.* at *5; *see id.* (quoting allegations and argument that "'even watching a video on YouTube,' without downloading the underlying media file, 'requires satisfying technological measures'"). That holding, however, cannot help Plaintiffs—who have affirmatively disclaimed the initial-viewing theory on which *ByteDance* rests.

Plaintiffs admit that there are no access controls on viewing their videos on YouTube in the first instance. As the Complaint says, Plaintiffs' argument here "does not concern ordinary viewing" of videos on YouTube, which are "publicly available." ECF No. 33, Compl. ¶ 7; *see, e.g.*, ECF No. 41, Opp. 14 ("the relevant question is not whether Runway could visit YouTube's public website and watch Plaintiffs' videos"). Plaintiffs' concession is well-founded, *see* ECF No. 35, Mot. 16-17: Proof-of-origin tokens are automatically generated, which is why Plaintiffs have not been able to identify any "key," as the statute requires, that users must employ to unlock the control. *See* Mot. 28; ECF No. 42, Reply 10.

Rather than arguing that proof-of-origin tokens are a gate on the *work*, as the *ByteDance* court found, Plaintiffs here asserted that proof-of-origin tokens are controls on downloading *a file*. *See* Compl. ¶ 56 ("No audiovisual file data is delivered absent successful token validation."); *id.* ¶ 149 (describing the Complaint's focus on "the underlying file" versus "viewing a YouTube video through YouTube[]" as "critical"). As Runway has explained, however, a control on file downloading is no access control at all—an argument *ByteDance* did not address. *See* Mot. 20-22; Reply 6-7. It is a copy control, to which § 1201 does not extend. And *ByteDance* does not address the other four TPMs that Plaintiffs also allege here.

**Circumvention:** *ByteDance* next determined plaintiffs had pled the defendant circumvented the asserted access controls by "downloading" videos from YouTube. 2026 WL 2970541, at *6 (alteration and quotation marks omitted). *ByteDance* did not address Runway's argument or in-circuit authorities establishing that re-using valid credentials, like tokens, does not constitute circumvention under § 1201. *See* Mot. 29-30; Reply 10. Nor do Plaintiffs offer any way to reconcile the mismatch between *ByteDance*'s access control and circumvention holdings: Although the defendant was allegedly authorized to pass through a technological measure to view a file, a § 1201 violation arises from the *same* access control when downloading. The Ninth Circuit's *VidAngel* decision certainly does not bridge the gap, since plaintiffs there instituted both access controls (encryption) and copy controls (anti-ripping measures), and the defendant was found to have circumvented both. *Disney Ent., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 852-53 (9th Cir. 2017); *see* Reply 5-6.

**Authorization:** Finally, Plaintiffs are wrong that *ByteDance*'s quotation of *Reddit* suggests individual content creators have authority over YouTube and its technological measures. Runway already explained that Plaintiffs contractually disclaimed control over YouTube. Mot. 30-32; Reply 10; *see* ECF No. 51 at 2 (discussing authorization agreement between Google and Reddit). Re-quoting *Reddit* does not change that.

Respectfully submitted,

*/s/ Nathan Shaffer*
Nathan Shaffer