**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ACE CAM, INC. and BUSINESSING LLC, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUNWAY AI, INC.,<br><br>Defendant. | Case No.: 1:26-cv-01362-LAK<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT RUNWAY AI, INC.'S ANSWER TO**
**PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**[1]

Defendant Runway AI, Inc. ("Runway" or "Defendant"), by and through its undersigned counsel, hereby submits this Answer to the Consolidated Class Action Complaint (the "Complaint") filed on April 27, 2026 by Plaintiffs Ace Cam, Inc. d/b/a Random Golf Club ("RGC") and Businessing LLC ("BLLC," and collectively with RGC, "Plaintiffs") [ECF No. 33].[2] Except as expressly admitted herein, Runway denies each and every allegation of the Complaint. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts.

The headings and sub-headings used herein are reproduced as they appear in the Complaint solely for ease of reference. The reproduction of these headings should not be taken as an admission by Runway, and to the extent they are intended to convey allegations rather than simply

[1] Runway notes that this case has also been consolidated with *Gardner v. Runway Al, Inc.*, Case No. 26-cv-4360 (LAK) but that ECF No. 33 remains the operative Consolidated Complaint for all cases. *See* ECF No. 40 at 3 (order granting consolidation, wherein Plaintiffs noted that "[u]pon consolidation, the currently operative Ace Cam Complaint will remain the operative pleading and will supersede the complaint filed in *Gardener* [sic] for all purposes in the consolidated action.").
[2] Defined terms have the same meaning as in the Complaint unless otherwise defined herein.

argument, Runway denies them. To the extent the Complaint purports to quote from, characterize, or summarize any document, website, article, or statute, that material speaks for itself, and Runway denies any allegation inconsistent with the contents of such materials. To the extent any allegation concerns persons or entities other than Runway, including YouTube, Google, Plaintiffs, putative Class Members, or other third parties, Runway lacks knowledge or information sufficient to form a belief as to its truth, and therefore denies it, unless expressly stated otherwise.

## NATURE OF THE ACTION

1. Runway admits that it develops machine-learning models capable of generating video and images using artificial-intelligence techniques in response to prompts, including Gen-2, Gen-3, Gen-3 Alpha, Gen-3 Turbo, Gen-4, and Gen-4.5 (the "Models"). Runway denies that this action is suitable for class treatment. The rest of paragraph 1 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Runway denies the allegations in paragraph 1.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 concerning Plaintiffs, putative Class Members, and their works, and therefore denies those allegations. Runway also denies that certification of any proposed class is appropriate. Runway denies the remaining allegations in paragraph 8.

9. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Denied.

11. Denied.

12. Denied.

13. Runway admits that the existence of copyright does not necessarily depend on registration and that certain claims in Title 17 of the U.S. Code can be brought without a registration but denies that any relevant legal protection applies based on the allegations set forth in the Complaint. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning content creators' conduct and copyright registration of YouTube videos and therefore denies those allegations. To the extent a further response is deemed necessary, Runway denies the allegations in paragraph 13.

14. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 regarding the internet ecosystem and therefore denies those allegations. Runway denies the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Runway denies that certification of any proposed class is appropriate. Runway denies that Plaintiffs or any putative Class Member is entitled to any relief and denies the remaining allegations in paragraph 17.

## THE PARTIES

18. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. Runway admits that it is a Delaware corporation with offices in New York, New York. Runway denies any remaining allegations in paragraph 22.

## JURISDICTION AND VENUE

23. Runway admits that the Court has subject matter jurisdiction at least pursuant to 28 U.S.C. § 1331. To the extent a further response is required, Runway denies the remaining allegations in paragraph 23.

24. Solely for purposes of this action, Runway does not contest personal jurisdiction in this District. To the extent a further response is required, Runway denies the remaining allegations in paragraph 24.

25. Runway does not contest venue in this District solely for purposes of this action. To the extent a further response is required, Runway denies the remaining allegations in paragraph 25.

26. Paragraph 26 contains no factual allegations and requires no response. To the extent a response is nonetheless deemed necessary, Runway denies the allegations in paragraph 26.

## FACTUAL BACKGROUND

**A. YouTube Employs TPMs that Function as Access Controls Over Video Files.**

27. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. Runway denies that a copyrighted work includes the physical medium in which it may be fixed. To the extent a further response is required, Runway denies any remaining allegations in paragraph 28.

29. Runway admits that any member of the public can watch and listen to videos for free on YouTube's service. Runway denies the remaining allegations in paragraph 29.

30. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. Denied.

33. Denied.

34. Denied.

35. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. Denied.

38. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

***TPM No. 1 – Rolling cipher***

44. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. Denied that the rolling cipher as alleged constitutes a TPM. To the extent a further response is required, Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies them.

***TPM No. 2 – IP blocking and rate limiting***

47. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49. Denied that IP blocking and rate limiting as alleged constitute a TPM. To the extent a further response is required, Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies them.

***TPM No. 3 – Session-bound, short-lived URLs***

50. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51. Denied that session-bound URLs as alleged constitute a TPM. To the extent a further response is required, Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies them.

***TPM No. 4 – CAPTCHA challenges***

52. Denied that CAPTCHAs as alleged constitute a TPM. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies them.

53. Runway denies the first sentence of paragraph 53. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies them.

54. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them. To the extent paragraph 54 states conclusions of law and argument by Plaintiffs, no response is required. To the extent a response is nonetheless deemed necessary, Runway denies the allegations in paragraph 54.

55. Denied that IP rotation as alleged constitutes circumvention. To the extent a further response is required, Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies them.

***TPM No. 5 – Proof-of-origin tokens***

56. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 concerning the operation of YouTube's technical systems and descrambling tools and therefore denies those allegations. Runway denies any remaining allegations in paragraph 58.

59. Runway denies that the proof-of-origin token system as alleged constitutes a TPM. To the extent a further response is required, Runway denies any remaining allegations in paragraph 59.

**B. YouTube's Terms of Service Reinforce their Technological Protection Measures**

60. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61. Runway admits that the quotation is accurate except for the bracketed portion. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies them.

62. Denied.

63. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64. Denied.

65. Runway admits that an article titled *YouTube Says OpenAI Training Sora With Its Videos Would Break Rules* by Davey Alba and Emily Chang was published by Bloomberg on or about April 4, 2024, and contains the language in quotation marks. Runway otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 quoted from the article and therefore denies them.

66. Denied.

67. Denied.

68. Denied.

**C. Defendant Improperly Circumvented YouTube's Technological Protection Measures to Obtain Millions of YouTube Videos to Train Its Foundational AI Model.**

69. Runway admits that it uses data to train the Models. Runway denies the remaining allegations in paragraph 69.

70. Runway admits that it is a technology company that develops machine-learning models capable, among other things, of generating video and editing video in response to user prompts. Runway admits that it offers products utilizing its models to commercial users, creators, and enterprise customers. Runway denies the remaining allegations in paragraph 70.

71. Runway admits that the Models are capable of generating video in response to user text or image prompts. To the extent a further response is required, Runway denies the remaining allegations in paragraph 71.

72. Runway admits that it offers innovative and transformative products to commercial users. To the extent a further response is required, Runway denies the remaining allegations in paragraph 72.

73. Runway admits that it offers products to commercial users and that it uses data to train the Models. To the extent a further response is required, Runway denies the remaining allegations in paragraph 73.

74. Runway admits that it has not publicly disclosed the full composition of the data corpus used to train the Models, the precise contents and composition of which constitutes

confidential and proprietary business information. To the extent a further response is required, Runway denies the remaining allegations in paragraph 74.

75. Runway admits that an article titled *Runway Ripped Off YouTube Creators* by Samantha Cole was published by 404 Media on or about July 25, 2024 (the "404 Media Article"). To the extent a further response is required, Runway denies the remaining allegations in paragraph 75.

76. Denied.

77. Admitted that the cited spreadsheet references the stated number of YouTube channels. To the extent a further response is required, Runway denies the remaining allegations in paragraph 77.

78. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 as to the contents of former employee statements and therefore denies them. Runway denies the remaining allegations in paragraph 78.

79. Admitted that the cited article contains the quoted language. Runway denies the remaining allegations in paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Paragraph 83 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Runway denies the allegations in paragraph 83.

84. Runway admits that it uses data to train the Models and that information concerning the data used to train the Models is within its possession, custody, or control. Runway lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 concerning Plaintiffs' knowledge or beliefs and therefore denies those allegations. Runway denies the remaining allegations in paragraph 84.

85. Denied that Runway engaged in circumvention or unlawful conduct. To the extent a further response is required, Runway denies the remaining allegations in paragraph 85.

86. Denied.

87. Admitted that Runway used data to train the Models. Runway denies the remaining allegations in paragraph 87.

88. Denied.

89. Denied.

90. Denied.

**D. Defendant's Automated Scraping Required Circumvention of YouTube's Technological Protection Measures.**

91. Denied that the conduct alleged violates to the DMCA. To the extent a further response is required, Runway denies the remaining allegations in paragraph 91.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 concerning the operation of YouTube's technical systems and interactions with third-party tools and on that basis denies them. Runway denies the remaining allegations in paragraph 96.

97. Denied.

98. Denied.

99. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 concerning the operation of YouTube's technical systems and therefore denies those allegations. Runway denies the remaining allegations in paragraph 99.

100. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 concerning the operation of YouTube's technical systems and therefore denies them. Runway denies the remaining allegations in paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

**E. Defendant's Actions Caused Harm to Plaintiffs and Class Members**

109. Runway denies that any authorization was required for the conduct as alleged. To the extent a further response is required, Runway denies the remaining allegations of paragraph 109.

110. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations. Runway denies that certification of the proposed class is appropriate. Runway denies the remaining allegations in paragraph 110.

111. Denied.

112. Runway denies the allegations in paragraph 112 concerning Runway's alleged conduct. Runway denies that paragraph 112 alleges legally cognizable harm. Runway denies that certification of the proposed class is appropriate. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and therefore denies them.

113. Runway denies the allegations in paragraph 113 concerning Runway's alleged conduct. Runway denies that paragraph 113 alleges legally cognizable harm. Runway denies that certification of the proposed class is appropriate. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies them.

114. Runway denies the allegations in paragraph 114 concerning Runway's alleged conduct. Runway denies that paragraph 114 alleges legally cognizable harm. Runway denies that certification of the proposed class is appropriate. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and therefore denies them.

115. Runway denies the allegations in paragraph 115 concerning Runway's alleged conduct. Runway denies that paragraph 115 alleges legally cognizable harm. Runway denies that certification of the proposed class is appropriate. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies them.

116. Denied.

117. Runway denies the allegations in paragraph 117 concerning Runway's alleged conduct. Runway denies that paragraph 117 alleges legally cognizable harm. Runway denies that

certification of the proposed class is appropriate. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies them.

118. Denied.

**TOLLING**

119. Admitted that the applicable statute of limitations is three years from when a claim accrued. To the extent a further response is required, Runway denies the remaining allegations in paragraph 119.

120. Denied.

121. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 concerning the knowledge or diligence of Plaintiffs or putative Class Members and therefore denies those allegations. Runway denies that certification of the proposed class is appropriate. Runway denies any remaining allegations in paragraph 121.

122. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 concerning the contents, compilation, or use of third-party datasets by other third parties and therefore denies those allegations. Runway admits that it uses data to train the Models and that information concerning the data used to train the Models is within its possession, custody, or control. Runway denies the remaining allegations in paragraph 122.

123. Denied.

124. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 concerning the knowledge and actions taken by Plaintiffs or putative Class Members to investigate the alleged conduct and therefore denies those allegations. Runway denies that certification of the proposed class is appropriate. Runway admits that it uses

data to train the Models and that information concerning the data used to train the Models is within its possession, custody, or control. Runway denies the remaining allegations in paragraph 124.

## CLASS ACTION ALLEGATIONS

125. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 125.

126. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 126.

127. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 127.

128. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 128.

129. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 129.

130. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 130.

131. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 131, including each of its subparts (a) through (e).

132. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 132.

133. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 133.

134. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 134.

135. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 135.

136. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, denies that injunctive or declaratory relief is appropriate, and denies the remaining allegations in paragraph 136.

137. Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification, denies that certification of the proposed class is appropriate, and denies any remaining allegations in paragraph 137.

## CLAIM FOR RELIEF
**Violation of the DMCA (Anti-Circumvention) 17 U.S.C. § 1201(a)**

138. Runway realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

139. Runway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies them. Runway denies that certification of the proposed class is appropriate.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Runway lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and therefore denies them.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

## **PRAYER FOR RELIEF**

Runway denies that any Plaintiff or any putative Class Member is entitled to any relief whatsoever, including, but not limited to, the relief sought in the section of the Complaint titled "Prayer for Relief," including each of its subparts (a) through (f). Runway denies that there are sufficient factual or legal predicates in the Complaint for class certification and denies that certification of the proposed class is appropriate. To the extent that section contains any allegations requiring a further response, Runway denies them.

## **JURY DEMAND**

155. Runway admits that Plaintiffs demand a jury trial. Runway hereby demands a trial by jury on all claims, defenses, and issues in this action so triable.

* * *

## **DEFENSES**

In addition to the above, Runway asserts the following defenses. By setting forth these defenses, Runway does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiffs. Nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations. Runway reserves the right to amend its Answer as additional information becomes available and to assert additional defenses to the extent such defenses are or become applicable.

## **FIRST DEFENSE**
### **(Failure to State a Claim)**

Plaintiffs' claim fails, in whole or in part, because the Complaint, and the purported claim for relief therein, fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Runway, including because the measures alleged

are not technological measures that effectively control access to a work protected under Title 17 and the conduct alleged does not constitute circumvention within the meaning of 17 U.S.C. § 1201(a)(3).

**SECOND DEFENSE**
**(Authorization)**

Plaintiffs' claim fails, in whole or in part, to the extent the alleged conduct was undertaken with the express or implied authority of the applicable copyright owner, including through the public availability of the works on YouTube.

**THIRD DEFENSE**
**(Express or Implied License)**

Plaintiffs' claim fails, in whole or in part, because the complained-of access was validly licensed by express or implied license, including any license granted by Plaintiffs or putative Class Members to YouTube, its users, or third parties.

**FOURTH DEFENSE**
**(Innocent Violation)**

Without waiver of any privilege, Plaintiffs' recovery is barred or limited, including under 17 U.S.C. § 1203(c)(5), because Runway was not aware and had no reason to believe that any conduct at issue constituted a violation of § 1201.

**FIFTH DEFENSE**
**(Unclean Hands)**

Plaintiffs' recovery is barred or limited because Plaintiffs bring this action with unclean hands. On information and belief, Plaintiffs or putative Class Members have accessed, downloaded, and used audiovisual material from YouTube, including outside the authorized playback environment. Runway does not contend that doing so creates liability under § 1201, but to the extent Plaintiffs contend otherwise, Plaintiffs have engaged in such conduct.

**<u>SIXTH DEFENSE</u>**
**(Lack of Standing / Lack of Ownership)**

Plaintiffs' claim fails, in whole or in part, because Plaintiffs and putative Class Members lack standing to assert them, including to the extent they do not own or exclusively license the works at issue, did not implement or authorize the technological measures alleged, are not persons injured within the meaning of 17 U.S.C. § 1203(a), or have not suffered a concrete and particularized injury sufficient to confer Article III standing.

**<u>SEVENTH DEFENSE</u>**
**(Statute of Limitations)**

Plaintiffs' claim and remedies are barred, in whole or in part, by the applicable statute of limitations, including 17 U.S.C. § 507(b), to the extent claims have accrued more than three years before the filing of this action.

**<u>EIGHTH DEFENSE</u>**
**(Failure to Mitigate)**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

**<u>NINTH DEFENSE</u>**
**(Unconstitutional Damages)**

Plaintiffs seek improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages, including any per-act award under 17 U.S.C. § 1203(c)(3), would constitute an unconstitutional penalty under the circumstances of this case and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards, afforded by the United States Constitution. *See BMW of North Am., Inc. v. Gore*, 517 U.S. 559 (1996).

**<u>TENTH DEFENSE</u>**
**(Laches)**

Plaintiffs' claim is barred, in whole or in part, by the doctrine of laches.

**ELEVENTH DEFENSE**
**(Estoppel)**

Plaintiffs' claim is barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH DEFENSE**
**(Waiver, Abandonment, or Forfeiture)**

Plaintiffs' claim is barred, in whole or in part, by the doctrines of waiver, abandonment, and/or forfeiture.

**THIRTEENTH DEFENSE**
**(Extraterritoriality)**

Plaintiffs' claim fails, in whole or in part, to the extent it is based on conduct occurring outside the United States, to which 17 U.S.C. § 1201 does not apply.

**FOURTEENTH DEFENSE**
**(Constitutional Violation)**

Plaintiffs' claim fails, in whole or in part, because it violates the Constitution. For example, Plaintiffs advance such a broad interpretation of 17 U.S.C. § 1201(a) that it would, if adopted, restrict virtually all speech on the internet and constitute a burden on substantially more speech than is necessary to further the government's legitimate interests. Additionally, Plaintiffs' interpretation would render 17 U.S.C. § 1201(a) in excess of Congress's authority to enact copyright legislation to "promote the progress of science and useful arts" pursuant to U.S. Const. art. 1, § 8, cl. 8. These examples are illustrative and not exhaustive.

**FIFTEENTH DEFENSE**
**(Lack of Nexus to Copyright Protection)**

Plaintiffs' claim fails, in whole or in part, because it bears no reasonable relationship to the protections the Copyright Act grants. For example, to the extent Runway's alleged conduct is fair use and thus not actionable as an infringement, *see* 17 U.S.C. § 107, there is no nexus between

Plaintiffs' claims and a legitimate desire to safeguard any work protected by Title 17. As further examples, Plaintiffs' claim may lack the requisite reasonable relationship if the content at issue is not protected by the Copyright Act, *e.g.*, it is in the public domain, fails the human authorship requirement, or lacks sufficient originality. These examples are illustrative and not exhaustive.

**<u>RESERVATION OF ADDITIONAL DEFENSES</u>**

Runway's investigation of the claim and its defenses is continuing. Runway has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter, and to amend this Answer and its defenses accordingly.

**<u>REQUEST FOR RELIEF</u>**

Therefore, Runway respectfully requests that this Court:

1. Deny certification of any class;
2. Enter judgment in Runway's favor and against Plaintiffs;
3. Dismiss the claim brought by Plaintiffs with prejudice;
4. Award Runway its costs of suit;
5. Award Runway its attorneys' fees to the extent permitted by law, including under 17 U.S.C. § 1203(b)(5); and
6. Grant Runway such other and further relief as this Court deems just and proper.

Dated: November 13, 2026

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *Annette L. Hurst*

Annette L. Hurst (*pro hac vice*)
Nathan Shaffer (*pro hac vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
ahurst@orrick.com
nshaffer@orrick.com

Marc Shapiro
Vanessa Sorrentino
Hilda Obeng
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
mshapiro@orrick.com
vsorrentino@orrick.com
hobeng@orrick.com

Attorneys for Defendant
RUNWAY AI, INC.